Bruce v. Hayes.

---

No. 21,132.

C. B. BRUCE, *Appellee*, v. E. R. HAYES, doing business as THE HAYES PRODUCE COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Melons—Telegrams—Evidence for Jury*. Under the facts disclosed by the plaintiff's evidence, and stated in the opinion, it was not error for the court to overrule a demurrer to that evidence.

2. SAME—*Trial—Instruction—No Error*. As against a defendant, there is no error in giving an instruction which properly states his defense, although there is not sufficient evidence to justify the instruction.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed December 8, 1917. Affirmed.

*D. H. Branaman*, of Topeka, for the appellant.

*Hugh T. Fisher, M. O. Lock*, and *E. B. Smith*, all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment rendered against him for $135, the price that he had agreed to pay to the plaintiff for a carload of melons.

1. The principal question arises on an order overruling the defendant's demurrer to the plaintiff's evidence. That evidence tended to prove the following facts:

On July 31, 1914, the plaintiff telegraphed to the defendant from Verden, Okla., as follows:

"Could n't we turn you two cars Tom Watson melons, one 24 and one 28 pounds average. They are fine. Give us your best offer as competition very sharp. Melons scarce."

The defendant replied, by telegraph:

"Want both cars. Will pay $225 for them. Must load them heavy and fancy stock. Wire car number, route Rock Island, confirm."

On August 1, the plaintiff sent the following telegram to the defendant:

"Have car 28 pound average one half Toms one half Ala. Sweets well loaded and fancy at one hundred thirty five answer."

To that telegram the defendant replied on the same day:

"Ship car route Rock Island at Chickasha."

On those telegrams, the plaintiff, on August 1, 1914, and immediately after the receipt of the last telegram, shipped a car of melons to Topeka, billed to himself, with directions to notify the defendant. The car arrived in Topeka at 8 a. m. on August 4, 1914. The bill of lading, with draft for $135 attached, drawn on the defendant by the plaintiff, did not reach Topeka until August 6, when it was presented to the defendant for payment, and payment was by him refused. On August 3, the defendant telegraphed the plaintiff as follows:

"Can't use melons now."

And on August 4, again telegraphed the plaintiff:

"Car Seven Six Six Naught Three. You never advised us of shipping car here. No bills. Will advance seventy-five dollars and handle. Wire agent to deliver same at once."

On August 8 the plaintiff arrived in Topeka and sold the melons to other parties. He received $146.82 for the melons. The expense incidental to their shipment and resale was $156.52. Home-grown melons were then coming into Topeka, and the market was well supplied.

To support his contention that his demurrer to the plaintiff's evidence should have been sustained, the defendant argues that the telegrams between the parties did not constitute a contract; this argument is not good. The first telegram was a request for an offer to purchase melons. The next telegram was an offer to purchase, which was not accepted. The third telegram was an offer to sell a car of melons at a stipulated price. That offer was accepted by the fourth telegram. The third and fourth telegrams constituted a contract. (*Commission Co. v. Mowery*, 99 Kan. 389, 99 Kan. 399, 161 Pac. 634; 162 Pac. 313.)

The defendant insists that the plaintiff was negligent in getting the melons delivered to the defendant; and that as a result of that negligence, the melons were decayed and rotten when the bill of lading with draft attached arrived. Whether the delay in delivering the melons was sufficient to justify the defendant in refusing to comply with his contract, was a question of fact to be determined by the jury. That question was submitted to the jury under instructions of which no complaint is made, and which appear to have stated the law correctly.

The defendant argues that there was not a sufficient tender of the melons. When the draft was presented to him for payment, the melons were tendered to him.

The defendant further argues that on account of the delay in delivering the bill of lading, home-grown melons had become plentiful and cheap, and the melons sold to the defendant could not be marketed in Topeka.. That was a question of fact to be determined by the jury.

The defendant also argues that when the car left Oklahoma it contained 30,340 pounds, but when it arrived in Topeka it contained only 24,000 pounds. The evidence was that when the car left Oklahoma it was billed as containing 30,340 pounds, and that when it was shipped out of Topeka, it was billed as containing 24,000 pounds.

The plaintiff's evidence was sufficient to compel the trial court to submit the cause to the jury for its determination, and the demurrer to that evidence was properly overruled.

2. Complaint is made of the following instruction:

"On the other hand if the plaintiff failed to ship to defendant melons of the kind and quality called for by the contract, and in the manner named or if through the fault of the plaintiff or those to whom he transferred the bill of lading, taken in his own name, the turning over of the melons by the carrier and the receipt of the same by defendant, was unreasonably delayed because of the nonarrival of the bill of lading within a reasonable time, then I say to you that the defendant was not bound to receive or pay for said melons, and your verdict should be in his favor."

The defendant's argument is that there was no evidence on which to base that instruction. An answer to that argument is that if there was no evidence on which to base the instruction, no defense to the action was proved. The instruction sub-

mitted the defense to the jury. In substance, it stated that if the facts contended for by the defendant concerning the delay in delivering the shipment were true, the jury must find in his favor.

The judgment is affirmed.